FRED H. LANE, JR., D/B/A LANE'S OUTBOARD v. JIMMY HONEYCUTT

No. 723DC206

(Filed 24 May 1972)

1. **Uniform Commercial Code § 16— dishonored check —delivery under contract of purchase — transfer of good title — good faith purchaser**

    Although the purchaser of a boat, motor and trailer took possession of the goods in exchange for a check which was thereafter dishonored, the goods were delivered under a contract of purchase and the purchaser could transfer good title to a "good faith purchaser for value." G.S. 25-2-403.

2. **Uniform Commercial Code § 16— recovery of merchandise from third party — good faith purchaser**

    In an action by a boat dealer to recover from defendant a boat, motor and trailer which a third party had purchased from plaintiff with a check that was dishonored, the trial court's finding that defendant was not a good faith purchaser of the boat, motor and trailer was supported by evidence that they were sold new for $6,285, that

Lane v. Honeycutt

defendant purchased them six months later for $2,500 from a person selling them for the purported owner, that defendant knew he was getting a good deal, that the seller was not in the business of selling boats, that defendant never saw the purported owner, that defendant did not receive a title to the boat but received only a boat "certificate of number" issued by the Wildlife Resources Commission, to which defendant saw the seller counterfeit the signature of the purported owner, and that defendant received the title to a trailer other than the one he purchased.

APPEAL by defendant from *Whedbee, District Judge,* 27 September 1971 Session of District Court held in CARTERET County.

Action to recover possession of a boat, motor and trailer together with damages for their detention. The case was heard by the court without a jury. From judgment which, among other things, determined that plaintiff was the owner of and entitled to the immediate possession of the property, defendant appealed.

*Taylor and Marquardt by Dennis M. Marquardt and Nelson W. Taylor for plaintiff appellee.*

*Perry C. Henson and Daniel W. Donahue for defendant appellant.*

VAUGHN, Judge.

[1]  Plaintiff has been engaged in the business of selling boats, motors and trailers in Carteret County for a number of years. On 21 February 1970, he sold a new 20-foot Critchfield boat, a new 120 hp motor and a new 1970 Cox boat trailer to a person who represented himself as John W. Willis. The purchaser took possession of the goods in exchange for a check in the amount of $6,285.00. The check was later dishonored. Contrary to the contentions of plaintiff, we hold that the goods were delivered under a transaction of purchase and that the consequences of this purchase are governed by G.S. 25-2-403, which, in part, is as follows:

*"Power to transfer; good faith purchase of goods; 'entrusting.'—* (1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of interest purchased. A person with voidable title has

power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though

(a) the transferor was deceived as to the identity of the purchaser, or

(b) the delivery was in exchange for a check which is later dishonored, or

(c) it was agreed that the transaction was to be a 'cash sale,' or

(d) the delivery was procured through fraud punishable as larcenous under the criminal law."

We do not discuss the evidence and questions raised as to whether the check was a forgery, the transaction a cash sale or whether delivery was procured through fraud punishable as larcenous under the criminal law. Contrary to the law of this State as it may have been prior to the enactment of G.S. 25-2-403, that statute now allows the vendee in such a transaction to transfer a good title to a "good faith purchaser for value."

[2]   The question, therefore, which we consider to be determinative of this appeal is whether there is any evidence to support the following findings of fact by the court. "(2) The Defendant, Jimmy Honeycutt, did not purchase the boat, motor and trailer in good faith."

It is well settled that:

"When a jury trial is waived, the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. *Knutton v. Cofield,* 273 N.C. 355, 359, 160 S.E. 2d 29, 33, and cases cited. There is no difference in this respect in the trial of an action upon the facts without a jury under Rule 52(a)(1) and a trial upon waiver of jury trial under former G.S. 1-185. Findings of fact made by the court which resolve conflicts in the evidence are binding on appellate courts." *Blackwell v. Butts,* 278 N.C. 615, 180 S.E. 2d 835.

Lane v. Honeycutt

We now review some of the evidence as it relates to how defendant came into possession of the property in order to determine whether there was evidence to support the court's finding that defendant was not a purchaser in good faith.

In the summer of 1970, defendant, a resident of Asheboro, North Carolina, rented a beach house from John R. Garrett in Garden City, South Carolina. Defendant had known Garrett for several years. Defendant's version of his transaction with Garrett with reference to the boat was, in part, as follows:

"Mr. Garrett first approached me about buying his house on the beach that I was staying in, and he told me he wanted $50,000.00 for it, and I told him I couldn't afford anything like that. He said, 'Well, let me sell you a boat out there.' And I said, 'Well, I couldn't afford that, either.'

* * *

* * * As to whether or not, in other words, this boat looked like it was fairly expensive, well, I thought it would be a little more than it was. He told me the price and I was very pleasantly surprised. . . . * * * . . . (H)e sells fishing tackle and stuff of that nature, and beer. He also sells gasoline for boats. Yes, sir, that is about all he sells down there. He rents small fishing boats and motors too. No, he doesn't sell them, he doesn't sell boats as far as I know . . . . * * *

* * *

. . . (H)e's a pretty sly businessman. I've bought stuff from him before, and he would make you think you were getting a steal. . . * * *

I did not know John Willis and did not know him by one of his aliases. I never met him under the alias of John Patterson or any other alias, and I have never met him since that date. I don't know from whom Mr. Garrett got the boat, he didn't tell me the man's name. * * *

* * *

* * * I first knew that the boat was stolen when the F.B.I. came to see me. * * * He (Agent Madden) told me who the true owner of the boat was at that time and he told me it was a stolen boat and Mr. Patterson was wanted by the F.B.I. * * * His real name is John William Willis.

The F.B.I. told me that one of his aliases was John Patterson . . . ."

Garrett told defendant he would let defendant have the boat for $2500. Defendant then paid Garrett a deposit of $100. Garrett had nothing to indicate that he was the owner of the boat, motor or trailer. Garrett told defendant he was selling the boat for someone else. "This guy comes down, you know, and does some fishing."

Two weeks later defendant returned to Garden City, South Carolina, with $2400, the balance due (on a boat, motor and trailer which had been sold new less than six months earlier for $6,285.00). On this occasion,

"Mr. Garrett had told me—well, he always called him, 'this guy' see, so I really didn't know of any name or anything, but he told me, 'this guy does a lot of fishing around here, but I can't seem to get ahold of him.' He said, 'I've called him, but I can't get ahold of him, so since you have the money and you're here after the boat' . . . ; '(s)ince you have the money and I can't seem to find him,' he said, 'I don't believe he would object, so I'll just go ahead and sign this title for you so you can go on and get everything made out to you.' He then signed the purported owner's name on the documents and he signed the title over to me then."

The so-called "document" and "title," introduced as defendant's exhibit No. 8, was nothing more than the "certificate of number" required by G.S. 75A-5 and issued by the North Carolina Wildlife Resources Commission. This "certificate of number" is not a "certificate of title" to be compared with that required by G.S. 20-50 for vehicles intended to be operated on the highways of this State. Upon the change of ownership of a motor boat, G.S. 75A-5(c) authorizes the issuance of a new "certificate of number" to the transferee upon propor application. The application for transfer of the number, among other things, requires the seller's *signature*. A signature is "the name of a person written with his own hand." Webster's Third New International Dictionary (1968). Defendant observed Garrett counterfeit the signature of the purported owner, John P. Patterson, on the exhibit. Following the falsified signature on defendant's exhibit No. 8, the "date sold" is set out as "June 12, 1970" and the buy-

er's "signature" is set out as "George (illegible) Williams." There was no testimony as to who affixed the "signature" of the purported buyer, George Williams, and there is no further reference to him in the record.

Defendant's exhibit No. 9 is a temporary registration certificate from the North Carolina Department of Motor Vehicles. The temporary certificate was dated 19 February 1970 (two days prior to the sale by plaintiff to "Willis" alias "Patterson"). It describes the vehicle as "trailer, homemade, 1970" and was issued to "John Palmer Patterson." The vehicle registration license number which appears on the temporary certificate is 7567KH. Defendant received this certificate from Garrett. The trailer defendant received from Garrett was a 1970 Cox trailer. It bore the same registration plate number, 7567KH. Defendant did not receive a certificate of title to the Cox trailer that he obtained from Garrett which plaintiff now seeks to recover. Plaintiff retained possession of the manufacturer's certificate of origin for the Cox trailer and, apparently no certificate of title has been issued for that vehicle.

We hold that the evidence was sufficient to support the court's finding that defendant was not a good faith purchaser. Defendant brings forward other assignments of error which have been carefully considered. We hold, however, that all essential findings of fact are supported by competent evidence and are sufficient to sustain the judgment.

Affirmed.

Judges MORRIS and GRAHAM concur.