WILLIAM O. TROTTER T/A TROTTER ELECTRICAL CONSTRUC-
TION COMPANY v. GENE W. HEWITT AND WIFE, JANE A.
HEWITT

No. 7310DC474

(Filed 22 August 1973)

1. **Rules of Civil Procedure § 52; Trial § 58— sufficiency of findings —
separate statement of conclusions**

In this action to recover for materials and labor furnished in the
performance of electrical work wherein defendants counterclaimed
for an amount allegedly necessary to complete and correct plaintiff's
faulty work, the trial court made sufficient findings of fact and
separately stated his conclusions of law so as to comply with G.S.
1A-1, Rule 52 and afford proper appellate review.

2. **Evidence § 40— installation of electrical system— counterclaim for
faulty work — testimony as to difficulties with system — nonexpert
witness**

In this action to recover for materials and labor furnished in
the performance of electrical work on defendants' building wherein
defendants counterclaimed for an amount allegedly necessary to com-
plete and correct plaintiff's faulty work, the trial court did not err
in the admission of testimony by employees of defendant as to defects
they had encountered in their use of the electrical system installed by
plaintiff.

APPEAL by plaintiff from *Barnette, District Court Judge,*
29 January 1973 Session of District Court held in WAKE County.

Plaintiff instituted this action to recover $2,946 alleged to
be due from defendant pursuant to an oral contract in which
plaintiff furnished materials and labor in performing certain
electrical work on a house owned by defendants located at 111
Brooks Avenue, Raleigh, N. C. Both parties admit the existence
of an oral contract in which plaintiff agreed to perform certain
electrical work for defendants at a price of $1190. Both parties
also admit that the original oral contract was subsequently modi-
fied. However, neither party agrees on any of the other terms
of the original contract or the modified contract.

The parties stipulated at pretrial conference that defend-
ants had paid $1200 to plaintiff for work performed and that
defendants were entitled to a credit of $319 for twelve lighting
fixtures purchased by defendants and delivered to plaintiff for
installation. The parties also stipulated as to what the contested
issues were.

Defendants counterclaimed against plaintiff for $2000 which was the amount alleged to be necessary to complete and correct the faulty and unworkmanlike electrical work alleged to have been performed by plaintiff.

The court, sitting without a jury, made findings of fact and conclusions of law. It concluded that defendants were entitled to recover $1000 from plaintiff as damages for defects caused by plaintiff's faulty workmanship, less $120 due plaintiff by defendant. Plaintiff appealed.

*Thompson & Lynn, by Dan Lynn, for plaintiff.*

*Reynolds, Farmer & Russell, by E. Cader Howard, for defendants.*

BROCK, Chief Judge.

Plaintiff excepts to most of the findings of fact and conclusions of law in the trial court's judgment. The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such findings will be affirmed, even though there is evidence to the contrary. *Brooks v. Brooks,* 12 N.C. App. 626, 184 S.E. 2d 417. Findings of fact made by the court which resolve conflicts in the evidence are binding on appellate courts. *Lane v. Honeycutt,* 14 N.C. App. 436, 188 S.E. 2d 604. After a scrutiny of the record, we find that the trial court's findings of fact are supported by competent evidence and that the conclusions of law in the judgment are supported by the findings of fact.

[1] Plaintiff also contends that the trial judge failed to find facts specially in that he failed to find all the facts involved in this action. In our view this contention is without merit. Rule 52(a) of our Rules of Civil Procedure provides in part: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon. . . ." "The Rule does not place a severe burden upon the trial judge, for he 'need only make brief, definite, pertinent findings and conclusions upon the contested matters' . . ." 5A, Moore, Federal Practice Par. 52.06 (2nd ed. 1948), p. 2705. "And the court need not find on every issue requested, but a finding of such essential facts as lay a basis for the decision is sufficient." *Id.,* at Par. 52.06[1], p. 2713. The plaintiff argues for more specificity than is required.

Plaintiff also contends that some of the findings of fact are actually conclusions of law. In particular, plaintiff argues in his brief that the finding of fact that plaintiff *contracted* with defendants on 6 April 1972 to do certain electrical work is a conclusion of law. The parties stipulated at pretrial conference that a contract was entered into between plaintiff and defendants on 6 April 1972. Assuming that this finding of fact should be labeled a conclusion of law, plaintiff has suffered no prejudice. We hold that the trial court made sufficient findings of fact and separately stated his conclusions of law so as to comply with Rule 52 and afford proper appellate review. These assignments of error are overruled.

[2]    Plaintiff excepts to the allowance of certain testimony by employees of defendant, who worked in the building in question, as to difficulties with the electrical system. These witnesses testified to problems with the electrical system observed from their everyday use. Their testimony concerned defects they had encountered in *their* use of the electrical system, *e.g.*, if foot heater and photocopy machine were on at same time, the circuit would blow and lights go out. This testimony was properly allowed. These assignments of error are without merit.

We have carefully examined plaintiff's other assignments of error and find them to be without merit.

No error.

Judges VAUGHN and BALEY concur.