JEAN H. WILLIAMS AND HAROLD S. ROSE AND WIFE, RITA ROSE
    v. THE TOWN OF GRIFTON, A MUNICIPAL CORPORATION

— AND —

IN RE: ANNEXATION ORDINANCE ADOPTED BY THE TOWN OF
    GRIFTON, A NORTH CAROLINA MUNICIPAL CORPORATION, ON
    JULY 27, 1972. (72 CVS 1511)

No. 743SC407

(Filed 7 August 1974)

1. Municipal Corporations § 2— annexation report amended — further
   public hearing not required
       There is no requirement that a second public hearing is always
   necessary when an annexation report is amended.

2. Municipal Corporations § 2— annexation — water system for fire pro-
   tection adequate
       Finding of fact by the trial court that a proposed water system
   would provide adequate fire protection for an annexed area was sup-
   ported by competent evidence and is conclusive on appeal.

APPEAL by petitioners from *Rouse, Judge,* 31 December 1973
Session of Superior Court held in PITT County.

On 9 May 1972 the Board of Commissioners of the Town
of Grifton passed a resolution to consider annexation of two
areas, designated as Tract No. 1 and Tract No. 2. As required
by G.S. 160A-35, the Commissioners prepared and made avail-
able to the public an annexation report setting out plans for the
extension of municipal services to the two tracts. A public hear-
ing was held on 14 June 1972, and on 27 July 1972 the Board
of Commissioners adopted an ordinance annexing the two areas.
Shortly thereafter, petitioners filed a petition challenging the
annexation, as permitted by G.S. 160A-38. The case was heard
in the Superior Court of Pitt County, and it was appealed to
this Court. In *Williams v. Town of Grifton* and *Parker v. Town
of Grifton,* 19 N.C. App. 462, 199 S.E. 2d 288, this Court held
that the water system planned for Tract No. 2 was not adequate
to meet the requirements of G.S. 160A-35, because the water
pressure in the fire hydrants planned for this tract would not
be sufficient for fire protection purposes. The matter was re-
manded to the Grifton Board of Commissioners for modification
of the proposed water system.

On 11 December 1973 the Board of Commissioners adopted
a resolution amending the annexation report to provide addi-

tional fire hydrants and water mains for Tract No. 2. No public hearing was held before this resolution was passed. On 27 December 1973 the Superior Court held a hearing on the proposed water system as modified by the December 11 resolution, and evidence was offered by the petitioners and the Town of Grifton. The court issued an order, with findings of fact and conclusions of law, on 2 January 1974. In its findings of fact the court stated that the revised water system "would provide fire protection to the Forest Hills Area (Tract No. 2) on substantially the same basis and in the same manner as such services are provided within the rest of the Town of Grifton," thus satisfying the requirements of G.S. 160A-35. The court ordered "[t]hat the Annexation Ordinance . . . adopted by the Board of Commissioners of the Town of Grifton, North Carolina, on July 27, 1972, be and the same is hereby affirmed without change." Petitioners appealed to this Court.

*Wallace, Langley, Barwick & Llewellyn, by F. E. Wallace, Jr., for petitioner appellants.*

*Gaylord and Singleton, by L. W. Gaylord, Jr., for respondent appellee.*

BALEY, Judge.

[1] Petitioners contend that the Board of Commissioners was required to hold a public hearing before amending the annexation report on 11 December 1973. Under G.S. 160A-37 (d), before any territory may be annexed by a municipality, there must be a public hearing at which "all persons resident or owning property in the territory . . . and all residents of the municipality, shall be given an opportunity to be heard." The Board of Commissioners of Grifton held such a public hearing on 14 June 1972. Under G.S. 160A-37 (e), after the public hearing has been held, the Board of Commissioners "shall have authority to amend the [annexation] report . . . to make changes in the plans for serving the area proposed to be annexed." G.S. 160A-37 (e) contains no provision requiring a second public hearing before the annexation report may be amended.

In *Adams-Millis Corp. v. Kernersville,* 6 N.C. App. 78, 169 S.E. 2d 496, *cert. denied,* 275 N.C. 681, the Kernersville Board of Commissioners passed a resolution to consider annexation of certain territory, prepared an annexation report, and held a public hearing. The annexation report was made available

to the public at least 14 days before the public hearing, as required by G.S. 160A-37(c). However, "[a]t the beginning of the hearing, the Mayor read certain recommended amendments to the annexation reports." *Id.* at 80, 169 S.E. 2d at 497. After the annexation ordinance was passed, petitioner contested the annexation, contending that the Commissioners were required to hold a second hearing at least fourteen days after the amendments were announced. This Court held that a second hearing was not required, in view of the provisions of G.S. 160A-37(e) (then codified at G.S. 160-453.5(e)) giving the Commissioners power to amend the annexation report. In the present case, likewise, a second public hearing should not be required. To hold that a public hearing is always necessary when an annexation report is amended would result in a proliferation of unnecessary hearings.

[2] Petitioners next contend that the Superior Court erred in finding as a fact that the proposed water system, as modified by the Board of Commissioners in the amendment of December 11, would provide adequate fire protection for Tract No. 2. However, this finding of fact is fully supported by the testimony of Willis Barlowe, a civil engineer employed by the Town of Grifton. At the hearing on December 27, Barlowe testified:

> "Under this proposed plan, the people in this area annexed [will] have the same water pressure available for fire protection that the present citizens of Grifton now have. It will be at least comparable or better. Following development of the plans, the people in that area, that is the Forest Acres area, Tract No. 2, will have the same water pressure that the citizens of Grifton will then have. It will be equal or better."

Petitioners argued that the proposed water system would be adequate for the heavily populated northern area of Tract No. 2, but would not be sufficient for the more sparsely populated southern part of the tract. However, Barlowe testified:

> "In developing this plan, the original and the amended plan, I did take into consideration houses South of this so-called Forest Acres area which would be in the annexed area. I know the location of these houses and I have located them on the plan. . . . The furtherest distance of any of these from the proposed line is about 500 feet. . . . They could be served by running a line to them. . . . Generally, we put

water lines in streets in serving the houses and the people run lines from the street to the house."

Findings of fact made by the trial court are conclusive on appeal when supported by competent evidence. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.,* 279 N.C. 313, 182 S.E. 2d 373; *Trotter v. Hewitt,* 19 N.C. App. 253, 198 S.E. 2d 465, *cert. denied,* 284 N.C. 124, 199 S.E. 2d 663; *Coble v. Brown,* 1 N.C. App. 1, 159 S.E. 2d 259.

The Superior Court correctly determined that the annexation ordinance and annexation report, as amended by the Board of Commissioners on 11 December 1973, meet the requirements of G.S. 160A-35 and G.S. 160A-37 and may properly be put into effect. However, the court's order provides that "the Annexation Ordinance . . . adopted . . . on July 27, 1972, be and the same is hereby affirmed without change." The annexation ordinance passed on 27 July 1972, in its original form, was invalid for the reasons stated in *Williams v. Town of Grifton* and *Parker v. Town of Grifton, supra.* The first paragraph of the mandate of the Superior Court's order should be modified to read as follows:

"FIRST: That the Annexation Ordinance entitled: 'An Ordinance to Extend the Corporate Limits of the Town of Grifton, North Carolina, Under the Authority Granted by Part 2, Article 36, Chapter 160 of the General Statutes of North Carolina,' adopted by the Board of Commissioners of the Town of Grifton, North Carolina, on July 27, 1972, as modified by said Board on December 11, 1973, in Resolution 73-23, be and the same is hereby affirmed."

With this modification, the judgment of the Superior Court is affirmed.

Modified and affirmed.

Chief Judge BROCK and Judge BRITT concur.