TERRY GREGORY AND WIFE, PENNIE GREGORY, EDWARD WOMBLE AND WIFE, WALLY WOMBLE, W. M. BOOTH AND WIFE, RUBY BOOTH, J. W. WYNN AND WIFE, GLORIA WYNN, HARRY WARD AND WIFE, MITTIE WARD, GEORGE SMITH AND WIFE, PAT SMITH, LARRY WATSON AND WIFE, NILE WATSON, AND TOMMY WOOLARD AND WIFE, JEAN WOOLARD v. TOWN OF PLYMOUTH

No. 822SC65

(Filed 18 January 1983)

1. **Municipal Corporations § 2.1— amended annexation proposal—no requirement for second public hearing**

    There is no requirement that a second public hearing be held on an amended annexation proposal, when that amendment is adopted to achieve compliance with G.S. 160A-35, pursuant to the authority granted in G.S. 160A-37(e). Therefore, where an amendment to an original annexation ordinance only provided additional information clarifying services to be extended to the annexed area and delineated how those services would be financed, there was not a substantial change to the ordinance necessitating notice to those affected thereby.

2. **Municipal Corporations § 2.6— annexation—sufficiency of fire protection services**

    The amended proposal to an annexation ordinance provided for fire protection services on substantially the same basis and in the same manner as such services were provided within the rest of the municipality prior to annexation, as required by G.S. 160A-35(3)(a).

APPEAL by petitioners from *Peel, Judge.* Judgment entered 20 October 1981 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 10 November 1982.

The Town of Plymouth, North Carolina, adopted an ordinance for the annexation of Liverman Heights, the area where plaintiffs live, on 8 September 1980. A hearing pursuant to a petition for

review filed by the petitioners was held before the Honorable Donald L. Smith, Superior Court Judge, on 2 March 1981. The judgment was entered without exception by any of the parties. It provided, in pertinent part:

> NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Court, pursuant to the provisions of G.S. § 160A-38(G)(3) remand the report to the Municipal Governing Board of the Town of Plymouth, North Carolina, for amendment of the plan providing for the services to the end that the provisions of G.S. § 160A-35 are satisfied, and that if the municipality shall fail to take action in accordance with the Court's instructions upon remand within three (3) months of receipt of said instructions, the annexation proceeding shall be deemed null and void.

In accord with the judgment, the Town Council, without public hearing, adopted an amendment to its original proposal on 1 June 1981. Thereafter, petitioners filed a second petition, asking the Court to declare the annexation proceeding null and void for failure to comply with the mandate of the relevant statutes. Judgment was entered in favor of the Town. Petitioners excepted and appealed to this Court.

*Wilkinson & Vosburgh, by John A. Wilkinson, for petitioner appellants.*

*Hutchins, Romanet, Thompson, Hillard & Harrell, by Andrew L. Romanet, Jr., for respondent appellees.*

BECTON, Judge.

Petitioners bring forth fourteen (14) assignments of error and raise five (5) arguments on appeal. Petitioners' first argument is that the Town of Plymouth was required to hold a public hearing on the amended proposal. We hold that it was not.

[1] The Legislature has empowered municipal governing boards to "amend the report required by G.S. 160A-35 to make changes in the plans for serving the area proposed to be annexed so long as such changes meet the requirements of G.S. 160A-35." N.C. Gen. Stat. § 160A-37(e) (1982). There is no requirement that a second public hearing be held on an amended annexation proposal, when that amendment is adopted to achieve compliance with G.S.

160A-35, pursuant to the authority granted in G.S. 160A-37(e). *Conover v. Newton,* 297 N.C. 506, 256 S.E. 2d 216 (1979); *Williams v. Town of Grifton,* 22 N.C. App. 611, 207 S.E. 2d 275 (1974). The Plymouth City Council was directed, by order entered 2 March 1981, to more clearly set forth its proposals for the provision of certain municipal services to residents in the Liverman Heights area, in accordance with G.S. 160A-35. The petitioners have stipulated that the original annexation ordinance was adopted in accord with all statutory procedures, and that they were accorded proper notice and an opportunity to be heard. Thus, the relevant inquiry is whether the amendment effected a substantial change to the ordinance, necessitating notice to those affected thereby. The stated purpose of the 29 May 1981 amendment, is "to provide additional information clarifying those services to be extended to the annexation area and delineating how those services shall be financed." Our review of the record reveals that it does no more than that. Because this amendment was adopted by the Town of Plymouth pursuant to the authority conferred upon it by G.S. 160A-37(e), to achieve compliance with G.S. 160A-35, no public hearing was required prior to its adoption. *Williams v. Town of Grifton,* 22 N.C. App. at 613, 207 S.E. 2d at 277 (1974). A second public hearing is not required on remand unless substantial changes are made in the amended plan that are not a part of the original notice of public hearing and are not provided for in the plans for service. *Rexham v. Town of Pineville,* 26 N.C. App. 349, 216 S.E. 2d 445 (1975).

Because we find that no public hearing was required on remand, petitioners' arguments two, three and four, all concerning alleged procedural irregularities surrounding the 29 May 1981 meeting, need not be discussed.

[2] Petitioners finally contend that the amended proposal does not provide for fire protection services on substantially the same basis and in the same manner as such services are provided within the rest of the municipality prior to annexation, as required by G.S. 160A-35(3)(a). They argue that because Liverman Heights is located south of the railroad that completely transverses the town and that because the fire station is north of these tracks, it is both possible and likely that fire personnel would be blocked from the annexed area by a train. While the juxtaposition of Liverman Heights, the railroad, and the fire sta-

tion may foster this type of situation, we note from the record that at least 25% of the present corporate area of Plymouth lies south of the rail lines, and is thus served by and subject to the town's geography. Further, the Plymouth Volunteer Fire Department has and continues to serve as both the town's and Liverman Heights' sole fire department; the protection afforded the annexed area is the same as that given other areas in Plymouth. The new plan also provides for the enhancement of fire protection on the south side through the installation of new water mains and hydrants. Finally, should the Town fail to install promised improvements, petitioners have recourse pursuant to N.C. Gen. Stat. § 160A-37(h) (1982).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

Judges WEBB and HILL concur.