REXHAM CORPORATION, Successor in Interest to RIEGEL PAPER
CORPORATION, Petitioner

— AND —

CAROLINA-MICHIGAN PROPERTIES CO., TAR HEEL CONTAINER
CORPORATION, and STRUCTURAL FOAM PRODUCTS, INC.,
Petitioners and Intervenors v. THE TOWN OF PINEVILLE,
NORTH CAROLINA, W. F. BLANKENSHIP, JR., Mayor, and WIL-
LIAM H. EARNHEART, C. H. McCOY, FRED GORDON and
CHARLES R. YANDELL, Members of the Town Council of the
Town of Pineville, Respondents

No. 7526SC231

(Filed 2 July 1975)

1. **Municipal Corporations § 2— annexation ordinance remanded — bound-
aries changed — second public hearing not required**

Where an annexation ordinance adopted by respondent town coun-
cil did not include developed land on both sides of certain streets used
as boundaries as required by G.S. 160A-36(d), the ordinance was
remanded for amendment of the boundaries to conform to the provi-
sions of the statute, and the town council upon remand did not add
area to the municipality which was not included in the notice of public
hearing and not provided for in the plans for municipal services, the
town council was not required to hold a second public hearing before
it could alter the annexation boundary.

2. **Municipal Corporations § 2— annexation — boundary lines — street as
reference**

There is no provision in G.S. 160A-36(d) which prevents a munici-
pality from using a street as a reference in setting the boundary lines
of an area to be annexed; therefore, where the annexation boundary
contained in an ordinance adopted by respondent town council followed
the center lines of streets but the area to be annexed did not include
developed land on the opposite sides of these streets, the town council
upon remand did not act in violation of the statute by amending the
boundary lines so that the new lines were roughly parallel to but
were from 5 to 20 feet away from the streets previously used as
boundaries.

3. **Municipal Corporations § 2— annexation — boundaries following topo-
graphic features**

Evidence was sufficient to support the trial court's finding and
concluding that respondent had complied with G.S. 160A-36(d) in
setting an annexation boundary by using wherever practical all of
the natural topographic features in the vicinity of the proposed an-
nexed area.

4. **Municipal Corporations § 2— annexation — boundaries following topo-
graphic features — splitting tracts proper**

The statutory requirement contained in G.S. 160A-36(d) that a
municipality use natural topographic features wherever practical in

setting an annexation boundary demonstrates a legislative intent contrary to the contention of petitioner and intervenors that G.S. 160A-33 through G.S. 160A-44 forbids the splitting of tracts by an annexation boundary.

5. **Municipal Corporations § 2— annexation — provision of telephone service to annexed area**

Respondent town council's annexation report was sufficient to indicate *prima facie* that respondent would continue to provide telephone service to the annexed area on the same basis as to the remainder of the municipality; furthermore, the record was replete with evidence tending to show that the respondent had detailed plans for providing telephone service to all of the property annexed by the amended ordinance.

6. **Constitutional Law § 20; Municipal Corporations § 2— annexation by town under 5000 — constitutionality of statutes**

The statutory scheme for town-initiated annexation by towns of less than 5000 population, G.S. 160A-33 through G.S. 160A-44, does not violate the equal protection clauses of the U. S. and N. C. Constitutions because it denies the qualified resident voters of certain areas in the State subject to such annexation the benefit of voting in a referendum determinative of annexation while granting this benefit to qualified resident voters of other areas in the State also subject to annexation by a town of less than 5000 population; moreover, petitioner is a corporation, is not a member of the class of qualified resident voters allegedly discriminated against by the statute, and does not have standing to raise that constitutional argument.

7. **Municipal Corporations § 2— annexation ordinance — no vested property right in municipal services**

An annexation ordinance dated 5 May 1971 which was remanded to respondent town council for failure of the boundaries to conform to the provisions of G.S. 160A-36(d) in no way created a vested property right in intervenors in the municipal services of street cleaning and maintenance.

APPEAL by Rexham Corporation, Carolina-Michigan Properties Co., Tar Heel Container Corporation, and Structural Foam Products, Inc., from *Ervin, Judge.* Judgment entered 29 October 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 May 1975.

This is an appeal by petitioner, Rexham Corporation (Rexham), and petitioner-intervenors, Carolina-Michigan Properties Co., Tar Heel Container Corporation, and Structural Foam Products, Inc. (intervenors), from an order of the superior court affirming without change an amended annexation ordinance adopted by the Town of Pineville, N. C. (respondent) on 19 April 1973 pursuant to G.S. 160-453.1 through G.S. 160-453.12.

[Now G.S. 160A-33 through G.S. 160A-44. Hereinafter all citations will be made to the present statute.]

On 3 May 1971 the Town Council of Pineville after notice and public hearing pursuant to G.S. 160A-37 adopted an ordinance bringing within the corporate limits of the municipality certain property belonging to Rexham, intervenors, and others located in the Southland Industrial Park in Mecklenburg County. On 2 June 1971 Rexham filed a petition pursuant to G.S. 160A-38 seeking review in the superior court of the annexation ordinance. Within apt time, respondent filed in the superior court a transcript of the portions of the municipal minute book in which the procedure for annexation had been set forth, a copy of respondent's annexation report, and a copy of the annexation map.

When the appeal came on for hearing in the superior court, Judge Clarkson, on 30 January 1973, among other things, concluded: (1) That the applicable annexation statute, G.S. 160A-33 through G.S. 160A-44, was constitutional; (2) That the annexation ordinance did not include developed land on both sides of certain streets used as boundaries, as required by G.S. 160A-36(d); and (3) That the annexation ordinance did not sufficiently comply with G.S. 160A-35 in setting forth the plans of the municipality to provide to the annexation area the major municipal services of garbage collection and telephone service. Judge Clarkson thereupon remanded the ordinance to the Town Council "(1) . . . for amendment of the boundaries to conform to the provisions of N. C. Gen. Stat. § 160-453.4 [now G.S. 160A-36], provided, however, the municipal governing board shall not amend the boundaries of the annexation area by adding area which was not included in the notice of public hearing and not provided for in the plans for service; and (2) . . . for amendment of the plans providing telephone and garbage collection service to the end that the provisions of N. C. Gen. Stat. § 160-453.3 [now G.S. 160A-35] are satisfied."

Upon remand, the respondent, on 19 April 1973, adopted a revised annexation ordinance altering the boundaries of the area to be annexed and amending the annexation report to include telephone service and garbage collection. On 18 May 1973 Rexham filed a petition pursuant to G.S. 160A-38 again seeking review in the superior court of the annexation ordinance. Also within thirty days of the adoption of the amended ordinance Structural Foam Properties, Inc., Carolina-Michigan Properties

Co., and Tar Heel Container Corporation filed petitions to intervene in the action. This motion was allowed. On 27 April 1973 respondent transmitted to the court a transcript of the "Municipal Minute Book containing: (1) the amended annexation ordinance of May 3, 1971, as amended on April 19, 1973, to include plans for extending telephone service and garbage collection to the area to be annexed, (2) amended boundaries of the annexation area including a copy of the amended annexation map, [and] (3) a copy of the amended annexation report."

When the appeal came on for hearing in the superior court, respondent offered into evidence the amended annexation ordinance adopted 19 April 1973, the annexation map, the annexation report, and several other exhibits tending to show *prima facie* that the Town Council had substantially complied with the essential provisions of the annexation statute.

Petitioner and intervenors thereafter offered evidence tending to show that they owned property in the area to be annexed; that the streets adjacent to their property were without lights and street cleaning service and that the streets were in "deplorable" condition; that the Town of Pineville provides telephone service to Southland Industrial Park; that the boundary lines for the area proposed to be annexed split several tracts of land in the Park; that the amended boundary follows the rights-of-way of various streets within the Park; that the proposed annexation boundary follows two natural draws and one ridge line and otherwise does not follow natural topographic features in the vicinity; and that a tree line that was not used as a boundary was located outside of the original area proposed to be annexed.

Respondent thereafter offered additional evidence tending to show, among other things, that the Town of Pineville is capable of and plans to continue providing telephone service to the annexed area on substantially the same basis and in the same manner as is now provided to the rest of the municipality.

In his order filed 29 October 1974 Judge Ervin, among other things, found as a fact:

(1) That petitioner and intervenor abandoned their challenge to the inadequacy of the annexation plans for garbage collection;

(2) That the annexation report sufficiently sets forth the plans of the Town of Pineville for providing telephone service

Rexham Corp. v. Town of Pineville

to the annexation area; that the municipality had for some time provided telephone service to the annexation area and that said service "will continue to be extended on the date of annexation on substantially the same basis and in the same manner as such services were provided within the municipality prior to annexation."

(3) "That the ordinance of April 19, 1973, amending the ordinance of May 3, 1971, altered the boundaries of the proposed annexed area by varying the distance of the boundary from the margin of streets, unnamed streets and railroad rights of way by ten to twenty feet."

(4) "That the altered boundary splits several tracts of land."

(5) "That the amended boundary of the proposed annexed area follows the ridge line and several draws in or near the vicinity."

(6) "That although a portion of one street was not included in the amended boundary of the proposed annexed area the intervenors will have the use of other streets within the proposed annexed area and thereby receive the major municipal services of street cleaning, street maintenance and street lighting."

(7) "That neither the petitioners nor the intervenors offered any evidence to show that the substantive rights of the petitioners or intervenors were materially prejudiced by the Town of Pineville not holding a second public hearing prior to passage of amendments to the annexation ordinance of May 3, 1971."

Judge Ervin concluded:

(1) That the respondent had substantially complied with the procedures and requirements of the annexation statutes in adopting its annexation ordinance.

(2) That G.S. 160A-24 through G.S. 160A-56 does not violate either the United States Constitution or the North Carolina Constitution.

(3) That the Town Council complied with G.S. 160A-36 (d) in using wherever practical "all of the natural topographic features, such as draws and ridge lines, in the vicinity of the proposed annexed area."

(4) That a second public hearing, under the circumstances, was not required prior to passage of the amendments to the annexation ordinance.

(5) That G.S. 160A-33 through G.S. 160A-44 does not prohibit a municipality from splitting lots or tracts in setting the annexation boundaries.

(6) That the amended ordinance did not wholly deprive the intervenors of the municipal services of street cleaning, street maintenance, and street lights.

(7) That the Town Council did not act arbitrarily or contrary to law or legislative intent in establishing the new municipal boundaries.

(8) That the respondent will provide the major municipal service of telephone service to the annexation area on substantially the same basis and in the same manner as telephone service is provided within the present boundary of the municipality.

(9) That the annexation report prepared by the respondent "clearly, concisely and adequately sets forth the plans of the Town of Pineville for providing telephone service to the proposed annexed area and said plan adequately, clearly and concisely sets forth the method of financing such service."

(10) That the amendments to the annexation ordinance of 3 May 1971, adopted 19 April 1973 should be affirmed without change.

From the order of Judge Ervin affirming without change the annexation ordinance of 3 May 1971, as amended by the Town Council on 19 April 1973, petitioner and intervenors appealed to this court.

*Moore and Van Allen by James O. Moore, George V. Hanna III, and Norman A. Smith for petitioner appellant.*

*Caudle, Underwood & Kinsey by William E. Underwood, Jr., for petitioner-intervenor appellants.*

*Kenneth R. Downs and Davis, Ford & Weinhold by Larry Ford for respondent appellees.*

HEDRICK, Judge.

By assignments of error five and twelve, petitioner first contends that Judge Ervin erred in finding as a fact that the

order of Judge Clarkson prohibited the Town Council from amending its ordinance dated 3 May 1971 to include within the municipality land not originally proposed to be annexed. Petitioner argues that this "misunderstanding" of Judge Clarkson's order influenced Judge Ervin in his finding that the Town Council acted reasonably in dropping back from the original annexation boundary in the manner it did as opposed to holding a new hearing for the purpose of annexing the developed land on the opposite sides of those streets originally used as boundaries.

G.S. 160A-38(g) provides:

"The court may affirm the action of the governing board without change, or it may

    \*    \*    \*

(2) Remand the ordinance to the municipal governing board for amendment of the boundaries to conform to the provisions of G.S. 160A-36 if it finds that the provisions of G.S. 160A-36 have not been met; provided, that the court cannot remand the ordinance to the municipal governing board with directions to add area to the municipality which was not included in the notice of public hearing and not provided for in plans for service."

Since the Town Council clearly had the statutory authority to amend its ordinance upon remand without increasing the area to be annexed, it is of no legal significance here whether Judge Ervin misinterpreted the order of Judge Clarkson as alleged by petitioner. In any event, there has been no showing by petitioner as to how the alleged misunderstanding on the part of Judge Ervin with regard to the options available to respondent upon remand affected his conclusions that the Town Council acted reasonably pursuant to the alternative taken in fixing the new boundary lines and that these lines conform to the provisions of G.S. 160A-36(d).

[1] In this respect, intervenors contend that even though the Town Council upon remand did not add area to the municipality which was not included in the notice of public hearing and not provided for in the plans for service, the Town Council was required to hold a second public hearing before it could alter the annexation boundary. We do not agree. Neither G.S. 160A-38 (g)(2), *supra,* nor any other provision of the annexation statute requires the municipal governing board upon remand to hold a second public hearing unless it adds area not included in the

original notice of public hearing and not provided for in the plans for service. See also *Williams v. Town of Grifton*, 22 N.C. App. 611, 207 S.E. 2d 275 (1974) (amendment of annexation report). Intervenors' property was included within the area originally proposed to be annexed and intervenors were given notice and an opportunity to be heard prior to adoption of the 3 May 1971 annexation ordinance. Intervenors did not participate in the proceedings at that time and, in fact, did not intervene until the second appeal of the ordinance to the superior court. We are therefore of the opinion that the intervenors have been denied neither their statutory nor constitutional rights of notice and hearing.

[2] Petitioner and intervenor next contend that the Town Council did not act reasonably in establishing the amended annexation boundary lines and that these lines do not conform to the provisions of G.S. 160A-36(d), which is as follows:

> "In fixing new municipal boundaries, a municipal governing board shall, wherever practical, use natural, topographic features such as ridge lines and streams and creeks as boundaries, and if a street is used as a boundary, include within the municipality developed land on both sides of the street."

The record discloses that portions of the annexation boundary contained in the 3 May 1971 ordinance followed the center lines of several streets in Southland Industrial Park in violation of G.S. 160A-36(d) since the area to be annexed did not include developed land on the opposite sides of these streets. Upon remand, the Town Council amended the boundary lines of the annexation area so that the new lines were roughly parallel to but were from five to twenty feet away from the streets previously used as boundaries. Appellants argue that by "dropping back" certain distances from the center lines of streets previously used as boundaries, the Town Council has continued to "use" the streets as boundaries and has therefore acted arbitrarily. We do not agree. Even assuming that portions of the new boundary lines are "setback" lines from the streets, we find no provision in G.S. 160A-36(d) which prevents a municipality from using a street as a *reference* in setting the boundary lines of an area to be annexed.

[3] Appellants also argue that Judge Ervin erred in finding and concluding that respondent had complied with G.S.

Rexham Corp. v. Town of Pineville

160A-36(d) in setting the annexation boundary by using wherever practical all of the natural topographic features in the vicinity of the proposed annexed area. Judge Ervin specifically found as a fact that "the amended boundary of the proposed annexed area follows the ridge line and several draws in or near the vicinity" and this finding is amply supported by the evidence. Maurice B. Seaver, a registered surveyor, testified for petitioner and intervenors as follows:

> "Two lines of the proposed annexation boundary follow natural draws. One line at the southwest corner of the annexation area generally follows a draw. Where the boundary line leaves Industrial Drive it also generally follows the center line of another drainage draw."

> "The proposed annexed area follows the ridge line as it runs in the general area of Old Pineville Road. Where the proposed annexation line parallels it does follow the ridge line there."

Furthermore, the only evidence of any natural topographic feature in the vicinity not used as a boundary is a tree line which, in fact, was located outside of the area included in the original notice of public hearing and which was not provided for in the plans for service. Thus, we hold that there is plenary competent evidence in the record to support Judge Ervin's conclusion that respondent "fully complied with the provisions of North Carolina General Statutes 160-453.4(d) (now 160A-36(d)) in establishing the new municipal boundaries and did not act arbitrary or contrary to law or legislative intent."

[4] Petitioner and intervenors next contend that "[t]he trial court erred in concluding that N. C. Gen. Stat. Secs. 160A-33—44 do not contain any prohibition against the splitting of established lots by the annexation boundary and that in splitting such lots the Town Council did not exceed its delegated legislative authority." They argue that the revised annexation boundary "runs through the middle of a lot owned by Structural Foam and divides other tracts by its setback from the adjacent streets" and that "the entire structure, grammar, syntax, and scheme of . . . " G.S. 160A-33 through G.S. 160A-44 forbids the splitting of tracts by the annexation boundary. While we can conceive of problems which might arise as a result of tract splitting, we believe that the statutory requirement contained in G.S. 160A-36(d) that a municipality use natural topographic fea-

tures wherever practical in setting an annexation boundary demonstrates a legislative intent to the contrary. Obviously, since the boundaries of lots and tracts of land do not necessarily follow "natural topographic features" it would be impossible for an annexation ordinance to follow "natural topographic features" without splitting lots or tracts.

[5] Petitioner further contends the trial court erred in finding that respondent's annexation report sufficiently sets forth the plans of the town for providing the major municipal service of telephone service to the area to be annexed. Upon remand respondent amended its annexation report to include plans for continuing in operation the telephone service which it was already providing to the annexation area. In our opinion, the annexation report is sufficient to indicate *prima facie* that respondent will continue to provide telephone service to the annexed area on the same basis as to the remainder of the municipality. See G.S. 160A-35. Furthermore, the record is replete with evidence tending to show that the respondent has detailed plans for providing telephone service to all of the property annexed by the amended ordinance. This contention has no merit.

[6] Petitioner next contends that the statutory scheme for town-initiated annexation by towns of less than 5,000 population, G.S. 160A-33 through G.S. 160A-44, violates the equal protection clauses of the North Carolina and United States Constitutions because it denies the qualified resident voters of certain areas in the State subject to such annexation the benefit of voting in a *referendum* determinative of annexation while granting this benefit to qualified resident voters of other areas in the State also subject to annexation by a town of less than 5,000 population. See G.S. 160A-44. Finding a rational relation between the classes of voting and non-voting areas created by the Legislature, the court, in *Thompson v. Whitley*, 344 F. Supp. 480 (E.D.N.C. 1972) rejected a constitutional challenge to this statutory scheme based on the equal protection clause of the Fourteenth Amendment of the United States Constitution. More importantly, however, we note that petitioner in the case at bar is a corporation and therefore is not a member of the class of qualified resident voters allegedly discriminated against by the statute. Thus, we fail to perceive how petitioner has standing to raise this constitutional argument. See generally *League of Nebraska Municipalities v. Marsh*, 209 F. Supp. 189 (D. Neb. 1962).

[7] Finally, intervenors contend that the amended annexation ordinance deprives them of a vested property right without due process of law. They argue that under the amended ordinance they will be deprived of the right to have respondent maintain and clean the streets which abut their property and which were used as boundary lines in the annexation ordinance dated 3 May 1971. This contention has no merit. We fail to perceive how the annexation ordinance dated 3 May 1971 which was remanded to the Town Council of Pineville for failure of the boundaries to conform to the provisions of G.S. 160A-36(d) could have in any way created a vested property right in intervenors in the aforestated municipal service as contemplated and protected by the due process clause of the state and federal constitutions.

For the reasons stated, the judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.