JACK R. LOWE, ELLEN B. LOWE, JAMES T. WARREN, MARY E. WARREN, SIDNEY T. AMANDOLIA, MARGARET B. AMANDOLIA, CLAY D. WALKER, JANET A. WALKER, ELEANOR D. HARRIS, WILLIAM C. ZINT, JR., AND MARGARET J. ZINT, PETITIONERS v. TOWN OF MEBANE, NORTH CAROLINA, RESPONDENT

No. 8415SC832

(Filed 6 August 1985)

1. **Municipal Corporations § 2.2— annexation—lots of five acres or less—street right of ways excluded—no error**

Petitioners did not meet their burden of showing error in the Town's calculations concerning the number of lots of five acres or less where the Town's calculations did not make allowance for the acreage in street right of ways. The Town presented evidence indicating that its calculations were based on tax maps, subdivision plats and direct inspection; petitioners presented an alternative method of calculation that was different from but not necessarily more accurate than the method used by the Town. G.S. 160A-36, G.S. 160A-36(c).

2. **Municipal Corporations § 2.2— annexation—method of counting lots—common ownership and use**

The Town used an acceptable method of consolidating tracts and calculating whether sixty percent of the lots in an area to be annexed were used for urban purposes where the Town's engineer, upon personal inspection, consolidated lots in common ownership and use so that if an owner had two adjacent lots, one used for a residence and the second used as a yard, that tract was counted as a unit. G.S. 160A-36(c).

3. **Municipal Corporations § 2.2— annexation—apartment complex—classified as commercial**

The Town did not err in calculating urban density for annexation purposes by classifying a forty-unit apartment complex on 9.33 acres as commercial, thus removing that acreage from the residential subdivision test. G.S. 160A-36(c).

4. **Municipal Corporations § 2.3— annexation—use of streets as boundary lines or as a reference**

The Town's annexation plan conformed with the requirements of G.S. 160A-36(d) in the use of natural topographic lines as boundaries where the Town did not include developed land on both sides of the streets used as boundaries and drew a boundary line five feet from and parallel to a street used as a boundary. Petitioners failed to carry their burden of showing that it would have been practical to follow natural topographic features as boundaries, that to do so would not have defeated the overall annexation plan, and that the boundaries drawn by the Town violated the intent of the statute by depriving citizens within the newly annexed area of the central city services; moreover, there is no provision in the statute which prevents a municipality

from using a street as a reference in setting the boundary lines of an area to be annexed.

**5. Municipal Corporations § 2.3— annexation plan—compliance with statute**

The format and substance of the Town's annexation ordinance was consistent with approved plans and there was no merit to contentions that the ordinance did not comply with all statutory requirements in that it did not include the methods used to determine compliance with G.S. 160A-36(c) or specific findings about financing the annexation as required by G.S. 160A-37(e)(1).

**6. Municipal Corporations § 2.5— annexation—failure to show material injury**

The trial court correctly found that petitioners in an action challenging an annexation ordinance had failed to carry their burden of proof on the issue of material injury where one petitioner testified that a sewer line would not be going across his property because the city would be building a pump station elsewhere, and where petitioners' conclusory allegations of "additional burdens" if annexed did not entitle them to relief.

APPEAL by petitioners from *Lee, Judge.* Judgment entered 4 January 1984 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 4 April 1985.

*Foster, Conner & Robson by Eric C. Rowe and C. Allen Foster for petitioner appellants.*

*Bateman & Stedman by Charles L. Bateman for respondent appellee.*

COZORT, Judge.

On 26 July 1982 pursuant to G.S. 160A-37, the Town of Mebane adopted an ordinance of intent to annex three separate areas adjacent to the town and gave notice to the public of a hearing to be held on 13 September 1982. After the hearing at which many of the petitioners spoke in opposition to the plan, the Town Council adopted an ordinance implementing the proposed annexations with some minor alterations. On 30 November 1982, pursuant to G.S. 160A-38, petitioners filed a petition in Superior Court, Alamance County, seeking review of the annexation ordinance. At trial petitioners presented the testimony of their expert, civil engineer Carroll J. Mann, Jr., suggesting that the town had used a method to measure compliance with the statutorily mandated requirements for character of area to be annexed which did not provide reasonably accurate results. Civil engineer Lawrence Alley, who helped prepare the annexation plan for the

town, testified in detail about the methods he used for measuring whether the proposed areas met the statutory requirements. The court entered judgment making findings of fact and conclusions of law and declared the annexation ordinance effective. We affirm.

In their first issue on appeal petitioners question whether the trial court erred when it determined that the town had used methods calculated to provide reasonably accurate results when it ascertained that the three areas to be annexed, Areas A, B, and C, conformed to the use and subdivision requirements of G.S. 160A-36(c).

G.S. 160A-36(c) provides:

> (c) The area to be annexed must be developed for urban purposes. An area developed for urban purposes is defined as any area which is so developed that at least sixty percent (60%) of the total number of lots and tracts in the area at the time of annexation are used for residential, commercial, industrial, institutional or governmental purposes, and is subdivided into lots and tracts such that at least sixty percent (60%) of the total acreage, not counting the acreage used at the time of annexation for commercial, industrial, governmental or institutional purposes, consists of lots and tracts five acres or less in size.

[1] Petitioners claim that according to their calculations, Area A fails the subdivision test because less than 60% of the adjusted acreage consists of lots and tracts five acres or less in size. Petitioners claim the town failed to make allowance for the acreage contained in street right-of-ways and therefore its calculations are in error.

The town admits that street right-of-ways were not measured nor were they specifically made a part of the town's calculations. The town points out, however, that there is no statutorily mandated method of calculating compliance, and our courts have approved both plans that include and plans that exclude street right-of-ways in their computations.

In determining whether the statutory standards enunciated in G.S. 160A-36 are met, the reviewing court shall accept the estimate of the municipality if the estimates are based on reasonably reliable sources unless petitioners demonstrate that such

estimates are in error by 5% or more. G.S. 160A-42. The statutes do not specify any particular method of calculation and the reasonableness of the method chosen is to be determined in light of the particular circumstances of the questioned annexation proceedings. *Food Town Stores v. City of Salisbury*, 300 N.C. 21, 265 S.E. 2d 123 (1980). The findings of the trial court are binding on appeal if supported by competent evidence even if there may be evidence to the contrary. *Humphries v. City of Jacksonville*, 300 N.C. 186, 265 S.E. 2d 189 (1980).

The town presented evidence at trial indicating that their calculations were based upon tax maps, subdivision plats and direct inspection of the area involved. Petitioners presented an alternative method of calculation based upon maps which was different from but not necessarily more accurate than the method used by the town. Based upon competent evidence the court found that the town used a reasonably accurate method of calculation and the petitioners had failed to demonstrate error. Because petitioners failed to meet the burden of showing error in the town's calculations and because adequate evidence supports the findings of the trial court, we find that Area A meets the requirements of G.S. 160A-36(c).

[2]    Next, petitioners argue that according to their calculations, Area B fails the use test because less than 60% of the tracts in that area are used for urban purposes. Petitioners argue that the town arbitrarily combined lots thus altering the urban use percentage so that it conformed with the statute.

The town responds that based upon their engineer's personal inspection, he consolidated lots in common ownership and common use so that if an owner had two adjacent lots, one used for a residence and the second used as a yard, that tract was counted as a unit in his calculations. The engineer testified that based on his calculations there was a total of sixty-six lots, forty-one of which, or 62.1%, were used for urban purposes.

In appraising an area to be annexed one of the methods which can be used to determine what is a tract is to consider several lots in single ownership used for a common purpose as being a single tract. These consolidated lots can then be used to determine the percentage of tracts used for urban purposes. *See*

*Adams-Millis Corp. v. Kernersville,* 6 N.C. App. 78, 169 S.E. 2d 496, *cert. denied,* 275 N.C. 681 (1969).

In Area B the town utilized an acceptable method of consolidating tracts in keeping with the spirit and intent of *Adams-Millis Corp. v. Kernersville.* Furthermore, petitioners have failed to demonstrate any error in the town's computations. Therefore, we find that the town has properly determined that Area B is in compliance with G.S. 160A-36(c).

[3] Next petitioners claim that in Area C the town erroneously classified an apartment complex as commercial rather than residential property. Petitioners contend that had the apartment complex been properly classified, Area C would have failed the subdivision test of G.S. 160A-36(c), because less than 60% of its adjusted acreage would be of tracts five acres or less in size. The town responds that there is no rule concerning whether an apartment complex should be classified as commercial or residential property; therefore, the trial court properly concluded that the commercial classification was reasonable.

Our courts have stated that annexation is a part of sound economic urban development. *Tar Landing Villas v. Town of Atlantic Beach,* 64 N.C. App. 239, 307 S.E. 2d 181 (1983), *disc. rev. denied,* 310 N.C. 156, 311 S.E. 2d 296 (1984). The general intent of the statutes is not to exclude areas of urbanized land from annexation on a technicality, but to provide municipalities with a flexible planning tool. In the present case a forty-unit apartment complex on 9.33 acres of land was classified as commercial, thus removing that acreage from the residential subdivision test. Petitioners would have that tract counted as one residential unit when computing the percentage of residential tracts of five acres or less. To allow petitioners to prevail would be an unreasonably restrictive interpretation of the law which would fly in the face of the policy behind annexation, which is to allow cities to annex contiguous urbanized areas to facilitate city planning. Petitioners' argument, if adopted, would allow the incongruous possibility that areas densely populated with apartment dwellers would be unavailable for annexation because the apartment buildings were built on tracts larger than five acres.

[4] Petitioners next claim that the town's annexation plan does not conform to G.S. 160A-36(d) because the town failed to use

natural topographic lines as boundaries and failed to include developed land on both sides of the streets used as boundaries. Mr. Alley, testifying for the town, explained that when preparing the annexation plan natural topographic features were used as boundaries wherever they felt it was practical to do so. He further stated that boundaries were set after his personal inspection of the area to be annexed.

G.S. 160A-36(d) provides: "In fixing new municipal boundaries, a municipal governing board shall, wherever practical, use natural topographic features such as ridge lines and streams and creeks as boundaries, and if a street is used as a boundary, include within the municipality developed land on both sides of the street."

To establish noncompliance with G.S. 160A-36(d) with regard to natural boundaries petitioners must show: (1) that the boundary of the annexed area does not follow natural topographic features, and (2) that it would have been practical for the boundary to follow such features. *Greene v. Town of Valdese*, 306 N.C. 79, 291 S.E. 2d 630 (1982). The legislative history of this portion of the statute suggests that it was included because the Legislature was concerned that a full range of municipal services be available to citizens in the annexed area. *Id.* The Legislature did not intend that this section, which is not mandatory, would defeat compliance with the requirements for annexation of an otherwise annexable area. *Id.* Petitioners have failed to carry their burden of showing that it would have been practical to follow natural topographic features as boundaries, that to do so would not have defeated the overall annexation plan, and that the boundaries drawn by the town violated the intent of the statute by depriving citizens within the newly annexed area of essential city services.

Petitioners also contend that in drawing a boundary exactly five feet from and parallel to a street for its entire length, the town violated the requirements of G.S. 160A-36(d). In *Rexham Corp. v. Town of Pineville*, 26 N.C. App. 349, 216 S.E. 2d 445 (1975), this Court approved a plan which had set back lines roughly parallel to streets used as boundaries. The Court said, "[W]e find no provision in G.S. 160A-36(d) which prevents a municipality from using a street as a *reference* in setting the boundary lines of an area to be annexed." *Id.* at 356, 216 S.E. 2d

at 450 (1975). Here the trial court properly concluded that petitioners had failed to show that the boundaries as drawn violated applicable law.

[5] Petitioners next argue that the trial court erred when it determined that the town complied with all statutory requirements in enacting its ordinance because the town did not include: (1) the methods used to determine compliance with G.S. 160A-36 (c), and (2) specific findings about financing the annexation as required in G.S. 160A-37(e)(1). We have perused the annexation ordinance and amendments and find that its format and substance are consistent with approved plans. *See Re Annexation Ordinance*, 304 N.C. 565, 284 S.E. 2d 475 (1981); *Adams-Millis Corp. v. Town of Kernersville, supra*. We find these assignments of error to be without merit.

[6] In their fourth issue on appeal, petitioners contend the trial court erred when it concluded there was no evidence of material injury to any of the petitioners and that petitioners had failed to carry their burden of proof on this issue. Petitioners argue that they were not required to show material injury unless they complained of procedural irregularities. They then contend that, nonetheless, there was material injury to: (1) Petitioner James Warren, whose land was the potential site for a sewer line; and (2) "Petitioners, residents of those areas [to be annexed], [who] will be subject to additional burdens."

Petitioners' claims are without merit. The trial court found "[n]o evidence was presented by the Petitioners as to any prejudice or injury" and concluded that Petitioners failed to carry their burdens of proof "that the Petitioners have been prejudiced or injured by the boundaries drawn" and "that any irregularities in the annexation proceedings materially prejudiced the substantive rights of the Petitioners or caused them any material injury." First, the record shows that Petitioner Warren testified at trial that the sewer line will not go across his property because the city will instead be building a pump station elsewhere. Second, their conclusory allegations of "additional burdens" if annexed entitle them to no relief. As the Supreme Court has recently stated:

> The burden was on the petitioners, who appealed from the annexation ordinance, to show by competent evidence that the city in fact failed to meet the statutory requirements

or that there was irregularity in the proceedings which materially prejudiced their substantive rights. . . .

\* \* \* \*

It is common knowledge and experience that residents of areas adjacent to our cities and towns which are subject to annexation under the laws of our State enjoy a great many city services financed by city taxpayers without paying city property taxes themselves. . . . Fairness dictates that there comes a time when these residents must join in bearing the costs of those services.

*In re Annexation Ordinance*, 303 N.C. 220, 233-34, 278 S.E. 2d 224, 232-33 (1981). We hold the trial court's finding and conclusions in this issue were correct.

In their final argument petitioners state that the annexation statutes violate the North Carolina Constitution and the United States Constitution. Identical arguments have been ably answered by this Court in *Campbell v. City of Greensboro*, 70 N.C. App. 252, 319 S.E. 2d 323, *disc. rev. denied*, 312 N.C. 492, 322 S.E. 2d 553 (1984), and need not be addressed here.

We find petitioners' assignments of error to be without merit and the judgment appealed from is affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.