WALTER T. WEEKS, JR., ET ALS, PETITIONERS v. TOWN OF COATS, RESPONDENT

No. COA95-212

(Filed 6 February 1996)

**Municipal Corporations § 80 (NCI4th)— annexation—failure to follow topographic features—proposed ordinance null and void**

The trial court did not err in making findings of fact and conclusions of law that respondent town violated N.C.G.S. § 160A-36(d) by attempting to annex three areas without following natural topographic features where practical, and the court

therefore did not err in declaring respondent's proposed annexation ordinances null and void.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 55 et seq.**

Appeal by both parties from order and judgment entered 17 August 1994 by Judge Donald L. Smith in Harnett County Superior Court. Heard in the Court of Appeals 16 November 1995.

*Bain & McRae, by Edgar R. Bain, for petitioners.*

*E. Marshall Woodall and Christopher L. Carr for respondent.*

WALKER, Judge.

The Town of Coats (the Town) proposed the annexation of four areas adjacent to the Town boundary. After conducting a public hearing, the Town Board of Commissioners (the Board) adopted an ordinance on 13 May 1993 annexing each of the four areas proposed. Property owners in three of the areas appealed. The fourth area was not appealed and its annexation has become final.

In establishing annexation boundaries, the Town divided a number of single tracts of land into smaller tracts and then annexed only a portion of the original tract. The Southwest Annexation Area (the Southwest Area) contains a corridor 130 feet wide and 2,737 feet long which connects two areas proposed to be annexed (project map 1 and project map 2). The Southwest Area would not meet the statutory requirements for annexation without the 2,737 foot corridor. In addition, it was necessary to split 22 tracts out of 146 parcels in the Southwest Area in order for the annexed area to have satisfied the requirement that one-eighth of the total aggregate external boundaries of the area coincide with present municipal boundaries.

The East Annexation Area A (the East Area) boundaries create two distinct islands which are not annexed but which are surrounded by the Town. Here, the Town split 18 out of 63 parcels into two parcels in order for this area to satisfy the requirement that one-eighth of the total aggregate external boundary distance coincides with existing municipal boundaries.

At trial, evidence was introduced to explain the Town's method of establishing boundaries. Testimony from the Town's surveyor and Mayor tended to show that the Town did not attempt to follow natural

topographic features in establishing boundaries but instead established boundaries to satisfy statutory requirements. The Mayor testified that tracts of land were split and the boundaries were established in order to satisfy the subdivision test of N.C. Gen. Stat. § 160A-36(c) (1994). In addition, the Town's surveyor, Rambeau, admitted that he did not inspect the areas to be annexed to see if natural topographic features existed. However, Rambeau testified that he was not aware of any topographic features that could have been used in establishing boundaries.

Based on this evidence, the trial court made the following relevant findings:

44. The Town, in adopting the annexation ordinance [for the East Area], has not attempted, when practical, to follow topographical features such as ridge lines, property lines, streams, creeks or streets as natural boundaries. Only 811.24 feet follow any natural boundary out of a total distance of 3,756.76 feet. Only 21.59 percent follows any natural boundary.

. . .

58. The Town, in adopting the annexation ordinance [for the Southwest Area], has not attempted, when practical, to follow topographical features such as ridge lines, property lines, streams, creeks or streets as natural boundaries. Only 4,581.63 feet follow any natural boundaries out of a total distance of the annexed area of 44,935.64 feet, so that only 10.19 percent of the total boundary follows any topographical feature. There are natural boundaries such as roads which the Town could have practically used in establishing boundary lines, and such were not used.

The court then concluded that the proposed annexation plans and ordinance violated the applicable statutory provisions of N.C. Gen. Stat. § 160A.

Review by this Court is limited to the following two inquiries: (1) whether the findings of fact are supported by competent evidence and (2) whether the findings, in turn, support the court's conclusion. Findings of fact, if supported by competent evidence, are binding; conclusions of law, however, are reviewable *de novo. Humphries v. City of Jacksonville*, 300 N.C. 186, 187, 265 S.E.2d 189, 190 (1980).

On appeal the Town brings forth the following assignments of error: (1) the trial court erred in making findings of fact and conclu-

sions of law that the Town violated N.C. Gen. Stat. § 160A-36(d) by failing to follow, where practical, natural topographic features as boundaries; (2) the trial court erred by implicitly finding that the statute prohibited tract splitting; (3) the trial court erred in making findings of fact and conclusions of law that the Town violated the statutory provisions of § 160A-36(c) by considering areas of land not within the "area to be annexed;" (4) the trial court erred in making findings of fact and conclusions of law that the Town violated N.C. Gen. Stat. § 160A-36(b)(2) when the Town included a 130 foot wide by 2,737 foot long strip for the purpose of complying with the one-eighth coincidence test; and (5) the trial court erred by making findings of fact wherein the court implied that the creation of "islands" of non-annexed property which resulted from tract-splitting would be improper. Petitioner cites as error the court's failure to find the Town in violation of N.C. Gen. Stat. § 160A-35 (1994) relating to the extension of sewer service.

We now turn our attention to the Town's argument that the trial court erred by finding that the Town violated N.C. Gen. Stat. § 160A-36(d) by failing to follow natural topographic features. N.C. Gen. Stat. § 160A-36(d) provides the following directive:

> In fixing new municipal boundaries, a municipal governing board shall, **wherever practical**, use natural topographic features such as ridge lines and streams and creeks as boundaries, and may use streets as boundaries. Some or all of the boundaries of a county water and sewer district may also be used when the entire district not already within the corporate limits of a municipality is being annexed.

N.C. Gen. Stat. § 160A-36(d) (1994) (emphasis added).

When the record submitted in superior court demonstrates on its face substantial compliance with the annexation statute, "the burden falls on the petitioners to show by competent and substantial evidence that the statutory requirements were in fact not met or that procedural irregularities occurred which materially prejudiced their substantive rights." *Huyck Corp. v. Town of Wake Forest*, 86 N.C. App. 13, 15, 356 S.E.2d 599, 601 (1987), *aff'd per curiam*, 321 N.C. 589, 364 S.E.2d 139 (1988). This Court has recognized that in order to establish non-compliance with N.C. Gen. Stat. § 160A-36(d), petitioners must show two things: (1) that the boundary of the annexed area does not follow natural topographic features, and (2) that it would have been practical for the boundary to follow such features. *Lowe v.*

*Town of Mebane,* 76 N.C. App. 239, 244, 332 S.E.2d 739, 743 (1985) (*citing Greene v. Town of Valdese,* 306 N.C. 79, 291 S.E.2d 630, 633 (1982)).

Specifically, the Town contends that the petitioner failed to meet its burden in establishing that the Town violated N.C. Gen. Stat. § 160A-36(d). As support for its argument the Town relies on *Lowe v. Town of Mebane,* 76 N.C. App. 239, 332 S.E.2d 739 (1985) and *Rexham Corp. v. Town of Pineville,* 26 N.C. App. 349, 216 S.E.2d 445 (1975). We find these cases to be distinguishable from the case at hand.

In *Lowe,* the petitioners argued that the Town failed to follow natural topographic features as boundaries and failed to include developed land on both sides of the streets used as boundaries. *Lowe,* 76 N.C. App. at 244, 332 S.E.2d at 743. The Town presented evidence that it prepared its annexation plan using natural topographic features as boundaries whenever it was reasonable to do so. The Town's plans were based upon tax maps, subdivision plats and direct inspection of the area involved. *Id.* at 242, 332 S.E.2d at 742. The court held that petitioners failed to show that the boundaries as drawn violated applicable law. *Id.* at 244, 332 S.E.2d at 743.

Similarly, in *Rexham* petitioners argued that the Town violated N.C. Gen. Stat. § 160A-36(d) where the proposed boundaries split several tracts of land and did not follow natural topographic features. *Rexham,* 26 N.C. App. 356-357, 216 S.E.2d at 450. The court stated:

> While we can conceive of problems which might arise as a result of tract splitting, we believe that the statutory requirement contained in G.S. 160A-36(d) that a municipality use natural topographic features wherever practical in setting an annexation boundary demonstrates a legislative intent to the contrary. Obviously, since the boundaries of lots and tracts of land do not necessarily follow 'natural topographic features' it would be impossible for an annexation ordinance to follow 'natural topographic features' without splitting lots or tracts.

*Id.* at 357-358, 216 S.E.2d at 451. The court then concluded that petitioner had not met its burden in establishing non-compliance with N.C. Gen. Stat. § 160A-36(d) where the evidence showed that the annexation boundary followed two natural draws and one ridge line and the only evidence of any natural topographic feature not used as a boundary was a tree line which was located outside the original area to be annexed. *Id.* at 357, 216 S.E.2d at 451.

Unlike *Lowe* and *Rexham*, in the present case petitioners offered evidence of natural topographic features which were not used as boundaries. Within the proposed annexation area, evidence showed that a creek and several roads were present which could be used as boundaries. The Town's surveyor testified that there was at least one road that the Town could have used in establishing the new boundaries.

Furthermore, the record demonstrates that the Town did not attempt to comply with the requirements of N.C. Gen. Stat. § 160A-36(d). The Mayor testified that boundaries were established by splitting tracts of land because including the entire tract or parcel would disqualify the areas for annexation under the statute.

More importantly, the Town's surveyor, Rambeau, testified that he did not inspect the property to determine if there were any topographic features that could be used as a natural boundary. Unlike *Lowe* and *Rexham*, the proposed boundary lines in the present case were established using only recorded deeds and recorded survey maps. Where petitioner shows that the municipality made no attempt to follow natural topographic features, as in this case, we hold that petitioners have satisfied their burden of establishing non-compliance with N.C. Gen. Stat. § 160A-36(d). We interpret *Lowe* and *Pineville* to apply only in those cases where there is *prima facie* evidence that the Town attempted to comply with the applicable statutory provisions.

In sum, we find that there is sufficient evidence to support the court's conclusion that the Town did not attempt to follow natural topographic features in violation of N.C. Gen. Stat. § 160A-36(d). Accordingly, we affirm the trial court's order declaring the proposed annexation ordinances regarding the Southwest Area and the East Area null and void. Having determined that the above ordinances are null and void we need not reach the remaining assignments of error.

Affirmed.

Judges JOHNSON and GREENE concur.